IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-95-57 (2) |
| | § | C.A. No. C-06-229 |
| TONY HERNANDEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND ORDER DENYING AS MOOT MOTION TO PROCEED
<u>*IN FORMA PAUPERIS* AND MOTION FOR TRANSCRIPTS</u>**

Pending before the Court is Defendant Tony Hernandez's ("Hernandez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of May 20, 2006.[1] (D.E. 79).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Hernandez's motion because it is time-barred. Additionally, the Court DENIES Hernandez a Certificate of Appealability. Finally, the Court also DENIES AS MOOT two other

---

[1] The Clerk received Hernandez's motion on June 1, 2006. The motion indicates that it was signed on May 20, 2006. (D.E. 79 at 7). That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

[2] Dockets entries refer to the criminal case, C-95-cr-57.

1

motions filed by Hernandez, seeking *in forma pauperis* status and seeking copies of transcripts at government expense. (D.E. 80, 82).

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On March 8, 1995, Hernandez and his co-defendant were charged in a two-count indictment with: (1) taking by force, violence and intimidation money belonging to an FDIC-insured bank, using a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and 2113(d); and (2) unlawful possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 924(c)(2). (D.E. 1). Hernandez pleaded guilty to Count One pursuant to a written plea agreement, and this Court accepted his guilty plea at his rearraignment on May 1, 1995. (D.E. 23, 24).

On March 21, 1996, the Court sentenced Hernandez and judgment was entered against him on March 28, 1996. (D.E. 40, 44). The Court later resentenced him, and that amended judgment was entered on July 31, 1996. (D.E. 71, 72, 74). Hernandez did not appeal and did not file any post-conviction motions until the instant motions.

In his § 2255 motion, Hernandez asserts two claims. First, he argues that he was denied effective assistance of counsel during plea negotiations because his counsel allowed him to plead guilty to the bank robbery charge. He claims that he was merely present at the beach in Corpus Christi and not involved in the bank robbery, and that his counsel told him that simply being present was sufficient to convict him. He further avers that, had he been aware that his mere presence was insufficient to convict him, he would not have pleaded guilty and would have proceeded to a jury trial instead. He contends it is unlikely that he would have been convicted. (D.E. 81 at 2-3).

2

Second, he makes the conclusory claim that his due process rights were violated because he was convicted of a crime on the basis of conduct that does not constitute the crime. (D.E. 81 at 3). He provides no additional detail in support of this claim. He asks for an evidentiary hearing and also requests that his § 2255 motion be granted. (D.E. 81 at 4).

### III. DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3]  28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In order to timely appeal, a defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). At the time that Hernandez's criminal judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude intermediate Saturdays, Sundays and legal holidays.[4] Calculated under Rule 26 in effect

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[4] At the time the judgment was entered against Hernandez, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December

at that time, then, ten days after July 31, 1996 was August 10, 1996, which was a Saturday. Hernandez's notice of appeal, therefore, had to be filed not later than Monday, August 12, 1996.

In this case, Hernandez did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on August 12, 1996. He had one year from that date, or until August 12, 1997, to file his § 2255 motion. Hernandez's § 2255 motion is deemed filed as of May 20, 2006. Thus, his motion was filed almost nine years late and is untimely.

Although Hernandez acknowledges that his motion is untimely, he claims that the Court should nonetheless address it due to the "actual innocence" exception. He is incorrect in believing that his claim of "actual innocence" requires the Court to consider his otherwise untimely motion. A showing of "actual innocence" allows a § 2255 movant to overcome the procedural hurdle of a claim being precluded because it was not previously raised. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999). It is not, however, an exception to the limitations period of § 2255, particularly where, as here, there is a general claim of actual innocence, but no *showing* of actual innocence. See Felder v. Johnson, 204 F.3d 168, 170 & n.8 (5th Cir. 2000). Indeed, the Fifth Circuit has held that actual innocence does not warrant equitable tolling, and that "a petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." United States v. Riggs, 314 F.3d 796, 800 & n.9 (5th Cir. 2002) (quoting Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)).

Additionally, Hernandez does not mention "equitable tolling" by name, nor does his motion provide any facts that would support the doctrine's application. While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare

---

1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

4

and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  In short, Hernandez's motion does not offer any basis at all for equitable tolling, let alone establish that his is the rare or exceptional case where such tolling is required.

Accordingly, the Court concludes that Hernandez's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

**B.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Hernandez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Hernandez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Hernandez is not entitled to a COA.

### IV. CONCLUSION

For the above-stated reasons, Hernandez's motion under 28 U.S.C. § 2255 (D.E. 79) is DENIED and the Court also DENIES him a Certificate of Appealabilty. Finally, the Court DENIES AS MOOT Hernandez's motions for transcripts and to proceed *in forma pauperis*. (D.E. 80, 82).

ORDERED this 19th day of June 2006.

_____
Janis Graham Jack
United States District Judge